IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALPHONSO HEMMEAIN,

           Petitioner,

v.

WARDEN SPROUL,

           Respondent.

Case No. 21-CV-00819-SPM

# MEMORANDUM AND ORDER

## McGLYNN, District Judge:

This action is before the Court on Petitioner Alphonso Hemmeain's ("Hemmeain") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 to challenge the computation of his sentence (Doc. 1). Specifically, Hemmeain argues that the Bureau of Prisons ("BOP") incorrectly computed his sentence in contravention of the District Judge's Order that the federal sentence shall run *concurrent* with a previously imposed state sentence (*Id.*). Respondent filed a response to the petition on October 12, 2021, arguing that the BOP cannot apply prior custody credit for any period that was already credited toward another sentence (Doc. 10). Any reply was due on or before November 15, 2021; however, no reply has been received. For the following reasons, the Petition will be denied.

### RELEVANT FACTS AND PROCEDURAL HISTORY

On September 15, 2018, Hemmeian was arrested in St. Charles, Missouri and charged with numerous offenses in Missouri case 1811-CR-03425 (Doc. 10). Because Hemmeain was on federal supervised release at the time of the Missouri offense(s), on

December 6, 2018, the United States District Court for the Eastern District of Missouri ordered a Writ of Habeas Corpus ad Prosequendum in case number, 4:06-CR-00585-HEA[1] (*Id.*). As such, on January 2, 2019, Hemmeain was transferred to the temporary custody of the United States Marshalls Service ("USMS") (*Id.*). Following several continuances, on February 3, 2020, Hemmeain admitted to violating the terms of his supervision (SR. 88). Hemmeain was sentenced to ten (10) months incarceration, which was to run concurrently to both the state and federal matters, *to wit,* 1811-CR03425-01 and 4:19-CR-20-HEA (SR. 89).

On January 10, 2019 in case number, 4:19-CR-00020-HEA, Hemmeain was indicted and charged as a felon in possession of a firearm in violation of Title 18, United States Code Section 922(g)[2] (CR. 1). A warrant was issued and Hemmeain was "arrested" on March 27, 2019 (CR. 7). On September 23, 2019, Hemmeain entered a plea of guilty to this offense (CR. 31). On February 3, 2020, Hemmeain was sentenced to a term of forty-one (41) months incarceration, to run concurrently with the state and federal sentences imposed in 1811-CR03425-01 and 4:06-CR-00585-HEA, respectively (CR. 47).

Following the sentencing in the federal matters, Hemmeain was able to resolve his state of Missouri case. On February 28, 2020, Hemmeain was sentenced to five (5) years for Tampering with a Motor Vehicle and three (3) years for Resisting Arrest (Doc. 10). The Missouri Department of Corrections ("DOC") calculated his sentence as

---

[1] All documents cited to the federal case involved supervised release will be designated as "SR", while all documents cited to this 2241 matter will be designated as "Doc".
[2] All documents cited to the federal criminal case will be designated as "CR.", while all documents cited to this 2241 matter will designated as "Doc.".

beginning on the initial date of arrest of September 15, 2018 until his commitment to the DOC, which was 537 days of credit towards his state sentence (*Id.*).

To the contrary, although all sentences were to be imposed concurrently, the the BOP began to run Hemmeain's federal sentences on February 3, 2020, which was the date of sentencing in both cases; therefore, any time served after that date is considered as part of Hemmeain's federal sentence. Hemmeain is currently incarcerated at Marion – USP, which is located within the Southern District of Illinois. According to the BOP website, Hemmeain has a projected release date of December 29, 2022[3].

## APPLICABLE LAW

A petitioner may bring a petition under 28 U.S.C. § 2241 to challenge the fact or duration of the petitioner's confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973). The Attorney General, acting through the BOP, calculates a defendant's sentence "as an administrative matter when imprisoning the defendant." *United States v. Wilson*, 503 U.S. 329, 335 (1992). A federal prisoner may challenge the execution of his sentence in a petition filed under 28 U.S.C. § 2241 in the district of incarceration. *See Taylor v. Lariva,* 638 F. App'x 539, 541 (7th Cir. 2016) (citing *Wilson*, 503 U.S. at 335. Thus, Hemmeain's claim is properly before this Court.

Generally, the BOP's sentencing calculation is governed by 18 U.S.C. § 3585, which provides that a federal prison sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence

---

[3] *See* https://www.bop.gov/inmateloc/ (last visited 11/29/21)

is to be served." 18 U.S.C. § 3585(a).

Section 3585(b) governs credit for time served before the commencement of a federal sentence:

> (b) Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).

## ARGUMENT

The argument that Hemmeain is entitled to additional credit against his federal sentence lacks merit.

### A. Doctrine of Primary Custody

The BOP has the authority to determine when a sentence begins to run. See *Ponzi v. Fesseden,* 258 U.S. 25, 260-261 (1922). The question of when a federal sentence begins to run is governed by 18 U.S.C. § 3585(a) and by the doctrine of primary custody. *Pope v. Perdue*, 889 F.3d 410, 415 (7th Cir. 2018). This rule dictates that "an inmate's federal sentence may only commence after the government exercises primary jurisdiction over him". *Id.*

In general, the sovereign that first arrests a defendant takes primary custody over him. *Id.* The transfer of a prisoner pursuant to a writ of habeas corpus ad prosequendum does not operate as a transfer of primary custody. *Jake v.*

*Herschberger*, 173 F.3d 1059, 1061 n.1 (7th Cir. 1999). To the contrary, the arresting sovereign retains primary custody "until it relinquishes its priority." *Pope*, 889 F.3d at 415.

In this case, Hemmeain was first arrested in Missouri on September 15, 2018 and then transferred to federal custody on January 3, 2019 pursuant to a writ of habeas corpus ad prosequendum for the purpose of his federal prosecution; therefore, that transfer of custody was temporary. The writ specifically advised that "upon completion of all such proceedings (initial appearance, arraignment, motions and trial) to return the defendant to the custody of Superintendent of Saint Charles County Jail" (Doc. 10-1, p. 9).

On February 3, 2020, Hemmeain was returned to state custody where the federal judgments were lodged as detainers (Doc. 10-1, pp. 12-14). Although Hemmeain was in the temporary custody of the U.S. Marshalls from January 2, 2019 until February 3, 2020, he was being detained pursuant to the writ, and as such, he remained in the *primary* custody of Missouri state officials. Then, once sentenced on February 3, 2020, the BOP designated that date as the commencement of his sentence.

Although a federal sentence usually "commences on the date the defendant is received into custody awaiting transportation to the official detention facility at which the sentence is to be served", there are some caveats and exceptions. 18 U.S.C. § 3585 (a). Indeed, the BOP has authority to utilize the date upon which the federal sentence was imposed to treat a prisoner as having begun his federal sentence prior to arriving at a designated federal facility. 18 U.S.C. § 3621. This is

generally referred to as a "nunc pro tunc" designation (Doc. 10-1, p. 4).

In this case, Hemmeain was exclusively released into federal custody from Missouri on July 1, 2020 which normally would have been then commencement date of his federal sentence; however, because the state and federal sentences were to be served concurrently, the BOP calculated his sentence to commence several months earlier, on the sentencing date of February 3, 2020. Notwithstanding the foregoing, there are limitations to the amount of credit that can be given and the Sentence Computation Manual provides: "In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed." *See* BOP Program Statement 5880.28. As such, the BOP was bound by the sentencing date of February 3, 2020 and could not grant additional credit.

### B. Doctrine of Prior Custody

Whether multiple prison sentences are to run concurrently or consecutively is governed by 18 U.S.C. § 3584, which provides in relevant part that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). In this case, the federal sentencing judge in both 4:06-CR-00585-HEA and 4:19-CR-00020-HEA specified that each sentence shall run concurrently to the other sentence imposed (SR. 89, CR. 47).

The Missouri judgment that was entered on February 28, 2020 also specified that the sentences shall be concurrent to those in the federal court (Doc. 10-1, p. 7). The Missouri court was also not silent on the issue of credit towards Hemmeain's state sentence. In fact, the sentencing computation records from the Missouri Department of Corrections indicate that Hemmeain was received by the Missouri

Department of Corrections on March 5, 2020 and received 537 days of credit toward his state sentence, i.e., September 15, 2018 through March 4, 2020 (Doc. 10-1, p.36). In other words, even though Hemmeain was being detained on a federal writ from January 2, 2019 through February 3, 2020, he still received credit for that time with the Missouri Department of Corrections.

As hereinbefore mentioned, 18 U.S.C. § 3585(b) states in part, "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spend in official detention prior to the date the sentence commences … **that has not been credited against another sentence**. (Emphasis added). Because Hemmeain was given credit towards his state sentence for his entire time in custody, the BOP could NOT give him than same credit for his federal sentence.

For these reasons, Hemmeain has failed to demonstrate that he is entitled to habeas corpus relief.

## CONCLUSION

For the foregoing reasons, Hemmeain's Petition for habeas relief under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This cause of action is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment accordingly.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his

prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

**DATED: November 30, 2021**

*s/Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**United States District Judge**